**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

| | |
|---|---|
| TYMERE JOHNSON, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   CV 424-050 |
| | * |
| UNITED STATES OF AMERICA, | * |
| | * |
| Defendant. | * |
| | * |

---

**O R D E R**

---

Presently pending before is Plaintiff's motion for reconsideration and to amend or alter the judgment. (Doc. 35.) For the following reasons, Plaintiff's motion is **DENIED**.

## I. BACKGROUND

Plaintiff filed suit against Defendant on March 11, 2024, under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80, and in the alternative, under the Suits in Admiralty Act ("SIAA"), 46 U.S.C. §§ 30901-18, alleging claims for negligence and failure to warn and seeking damages for injuries suffered based on Defendant's alleged negligence. (Doc. 1.) Defendant moved to dismiss Plaintiff's Complaint, and the Court granted the motion to dismiss on March 27, 2025. (Docs. 6, 33.) The Court found the suit sounded in admiralty, so Plaintiff's claims fell under the

SIAA and not the FTCA. (Id. at 5-12.) The Court then found that sovereign immunity barred Plaintiff's claims under the SIAA, and equitable tolling did not apply. (Id. at 12-17.) Finally, the Court denied Plaintiff's request for leave to amend, finding an amendment would still be untimely under the SIAA, thus futile. (Id. at 18-19.)

Plaintiff now asks the Court to consider its March 27, 2025 Order, arguing the suit does not sound in admiralty, and even if it does, Defendant must be estopped from asserting the action is untimely. (Doc. 35, at 2.) He argues the Court should reconsider its denial of the motion for leave to amend because his proposed amendment would provide factual allegations relevant to the equitable estoppel issue. (Id. at 3.) Defendant opposes the reconsideration, arguing "reconsideration is reserved for exceptional circumstances" and Plaintiff is simply asking the Court to "rethink what it has already thought through." (Doc. 36, at 2-3 (citation omitted).) Defendant asserts Plaintiff does not satisfy the limited grounds for reconsideration. (Id. at 3.) Plaintiff replied, arguing that the Court must correct clear errors of law and fact in the March 27, 2025 Order. (Doc. 38, at 2.) The Court considers the Parties' arguments below.

## II. LEGAL STANDARD

"Reconsideration of a previous order is an extraordinary remedy, to be employed sparingly." Armbuster v. Rosenbloom, No. 1:15-cv-114, 2016 WL 1441467, at *1 (S.D. Ga. Apr. 11, 2016) (citation and internal quotation marks omitted); see also Spellman v. Haley, No. 97-T-640-N, 2004 WL 866837, at *2 (M.D. Ala. Feb. 22, 2002) ("[L]itigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling."). Because such remedy "is not an appeal, . . . it is improper on a motion for reconsideration to ask the Court to rethink what the Court has already thought through – rightly or wrongly." Armbuster, 2016 WL 1441467, at *1 (citation and internal quotation marks omitted). "[A]dditional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." Gougler v. Sirius Prods., Inc., 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005) (citation omitted); see also Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985) (cautioning against use of a motion for reconsideration to afford a litigant "two bites at the apple"); Rossi v. Troy State Univ., 330 F. Supp. 2d 1240, 1249-50 (M.D. Ala. 2002) (denying motion for reconsideration when plaintiff failed to submit relevant evidence prior to entry of original order and failed to show good cause for the omission). Furthermore, "the moving party must set forth facts or law of a strongly

3

convincing nature to induce the court to reverse its prior decision." Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (citation omitted). And, ultimately, "the decision to grant a motion for reconsideration is committed to the sound discretion of the district judge." Townsend v. Gray, 505 F. App'x 916, 917 (11th Cir. 2013) (citation and internal quotation marks omitted).

A court may reconsider a final order or judgment under Federal Rule of Civil Procedure 59 or 60. Brown v. Synovus Fin. Corp., 783 F. App'x 923, 931 (11th Cir. 2019) (citation omitted). Reconsideration under Rule 59(e) is justified only when there is: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." Schiefer v. United States, No. CV206-206, 2007 WL 2071264, at *2 (S.D. Ga. July 19, 2007). Rule 59(e) "cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (citation omitted).

## III. DISCUSSION

Plaintiff argues the Court must correct clear error and prevent manifest errors of law or fact from the Court's March 27, 2025 Order. (Doc. 35.) The Court considers each of his arguments.

4

## A. FTCA v. SIAA

First, the Court found the case sounded in admiralty, so the SIAA applied.  (Doc. 33, at 5-12.)  Plaintiff argues the Court erred in focusing on the conduct of the Army representative that directed him on the dock to the exclusion of the conduct of the land-based activities inextricably linked to the alleged negligence.  (Doc. 35, at 5.)  He asserts the Army supplied, inspected, equipped, and provided the Army Truck, and these were land-based actions.  (Id.)

These are the same arguments Plaintiff made in response to the motion to dismiss.  (Doc. 26, at 4.)  Thus, Plaintiff is not putting forth any new argument.  As the Court previously explained, under the Grubart test, admiralty jurisdiction attaches to Plaintiff's alleged tort.  (Doc. 33, at 5-12 (citing Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527 (1995)).)  The Court considered Plaintiff's characterization of the activities as "land-based" and found it without merit.  (Id. at 6-11.)  The Court reasoned that Plaintiff was injured on the Endurance, in the Savannah River; the injury occurred on a boat in a navigable waterway – providing the potential to disrupt maritime commerce; and the "general conduct" was the cargo-loading process of a ship at the Savannah Port, including the land and sea-based parts of the process, showing a substantial relationship to traditional maritime activity.  (Id.)  Plaintiff puts forth nothing

5

in his motion for reconsideration to change the Court's analysis, so the Court's ruling stands, and this suit sounds in admiralty, meaning the SIAA governs Plaintiff's claims. Thus, Plaintiff's motion for reconsideration is **DENIED** on this ground.

**B. Equitable Estoppel and Equitable Tolling**

Next, Plaintiff argues the Court erred in evaluating his equitable estoppel arguments "under the general concept of 'equitable tolling,' as opposed to under the more specific sub-doctrine of 'equitable estoppel.'" (Doc. 35, at 7.) He argues these are distinct doctrines and, when properly applied, equitable estoppel bars Defendant's inequitable reliance on the statute of limitations defense. (Id. at 8.)

First, the Court notes that Plaintiff's own response to Defendant's motion to dismiss acknowledges that "equitable estoppel is a form of equitable tolling and sometimes courts use the terms interchangeably." (Doc. 14, at 11.) Plaintiff also referenced a First Circuit case that held "we see no reason for distinguishing between equitable tolling and estoppel as defense to the FTCA's statute of limitations." (Id. at 11-12 (citing Ramirez-Carlo v. United States, 496 F.3d 41, 49 (1st Cir. 2007)).) Nevertheless, Plaintiff now argues the Court blended the analysis of these two doctrines and that action affected the outcome of his case. (Doc. 38, at 6.)

While the Court acknowledges there is a difference in the two doctrines, the Court finds such difference does not change its decision on Plaintiff's claims. "For equitable estoppel to apply there must be a representation of fact by one party contrary to a later asserted position, good faith reliance by another party, and a detrimental change in position by the later party due to the reliance." Sea Byte, Inc. v. Hudson Marine Mgmt. Servs., Inc., 565 F.3d 1293, 1304 (11th Cir. 2009) (citation omitted). "[W]hen a plaintiff is entitled to equitable estoppel, the clock stops upon the tolling of the limitations period and begins again when the impediment to bring suit is removed." Peery v. CSB Behav. Health Sys., No. CV106-172, 2008 WL 4425364, at *15 (S.D. Ga. Sept. 30, 2008) (quoting Cabello v. Fernandez-Larios, 402 F.3d 1148, 1156 (11th Cir. 2005)). However, "the defendant must have engaged in conduct that amounts to an affirmative inducement to delay bringing action, evaluated by whether a reasonable person would have allowed the statute of limitations to expire based on the defendants' actions." Zalimeni v. Cooper Marine & Timberlands Corp., 438 F. Supp. 3d 1331, 1339 (S.D. Ala. 2020) (citations and internal quotation marks omitted and alterations adopted).

As the Court found: "Plaintiff alleged Defendant 'made affirmative, specific representations of fact contrary to the Defendant's later asserted position' and 'expressly made affirmative promises both orally and in writing which induced'

7

him." (Doc. 33, at 15 (quoting Doc. 1, at 6).) While these allegations mirror the elements of equitable estoppel, a plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, the Court looked beyond this recitation to Plaintiff's additional allegations, specifically, a letter from Defendant that confirmed receipt of Plaintiff's claim and explained the filing tolled the statute of limitations indefinitely. (Doc. 33, at 15-16 (citing Doc. 1, at 6-7).) Notably, the Court pointed out that Defendant's letter explicitly stated: "Please be advised that if this office investigates this claim and determines that the claim should be processed under the procedures set forth in accordance with Army Regulation 27-20, Maritime Claims, or any other authority[,] your office will be informed under separate cover." (Id. (quoting Doc. 1, at 7).) Thus, the Court reasoned that there were insufficient allegations that Defendant's actions justified tolling because Defendant warned Plaintiff he would be informed if the claim were to fall under maritime claims. (Id. at 16-17.) In essence, the Court interpreted this as putting Plaintiff on notice of such a possibility, so the Court reasoned there were insufficient allegations that Defendant *induced* Plaintiff from exploring whether his claims were more properly asserted under the SIAA or

8

*mislead* him into allowing the two-year limitations period to lapse. (Id. at 17.)

Since "[t]he public interest in setting a limit on bringing actions is strong," the Court found Plaintiff could have done his own research and figured out the proper statutory avenue for his claims before the statute of limitations ran instead of waiting on Defendant.  (Id. (quoting Raziano v. United States, 999 F.2d 1539, 1541 (11th Cir. 1993)).)   While the Court does not evaluate the weight of the evidence at the motion to dismiss stage, ultimately, the Court found, and still finds, that Plaintiff failed to sufficiently allege affirmative inducement by Defendant to delay bringing this action.   In fact, Defendant itself also assumed the FTCA was controlling – reinforcing they were not *inducing* Plaintiff or *misleading* him.   There are no allegations there was ever an impediment to bring suit.   See Peery, 2009 WL 4425364, at *15. The Court finds both Parties had the opportunity to decide the proper avenue for the claims, and failure by both Parties to do so within the statute of limitations period does not give Plaintiff a free pass on the statute of limitations.

As such, the Court finds Plaintiff's motion for reconsideration on the equitable estoppel issue is **DENIED**.

## C. Leave to Amend

Finally, Plaintiff argues "it is a manifest error of law or fact to deny a single opportunity for leave to amend on this

record." (Doc. 35, at 19.) He argues the "statute of limitations is tolled if either the FTCA applies or equitable estoppel is pleaded, and the motion for leave to amend sought leave to address both." (Id. at 20.) But Plaintiff fails to point to specific portions of the proposed amendment and how they would change the Court's prior findings.

The Court previously denied leave to amend, finding amendment would be futile. (Doc. 33, at 18-19.) The Court looks at the amendment again to provide additional details, keeping in mind that "district courts possess 'extensive discretion' to decide when to allow an amended pleading." (Id. at 18 (quoting Campbell v. Emory Clinic, 166 F.3d 1157, 1162 (11th Cir. 1999)).)

As to the SIAA controlling, Plaintiff's proposed amendment contains additional allegations about negligence occurring "elsewhere at a facility, Army-base, or other location." (Doc. 27-1, at 2.) It also contains allegations about the inspection and maintenance of the Army Truck which were not included in the Complaint. (Id. at 5-7.) Despite these added allegations, and Plaintiff's attempt to frame the event as more of an inspection and maintenance issue, rather than bad directions by Army personnel, the Court finds they do not change the suit from falling under admiralty laws. As explained in the March 27, 2025 Order and above, under the Grubart test, Plaintiff's allegations still fall under admiralty jurisdiction. The new allegations do not

10

change the Court's finding that the general conduct at issue was cargo-loading on a ship in the Savannah Port, including both the land and sea-based portions of the process. Thus, the Court finds the Grubart analysis does not change with the proposed amendment, and the SIAA would still apply.

Turning to whether there are additional allegations to support equitable estoppel, the Court reaches the same conclusion. The proposed amendment contains additional allegations that Defendant's affirmative representations about the statute of limitations being tolled "intended the recipient rely on this promise" and were made "[w]ith the intent to induce." (Doc. 27-1, at 12.) The Court finds these added allegations, and others, do not change its finding that Plaintiff has not alleged it was *misled* or *induced* from exploring whether the SIAA controlled his claims and moving forward with suit if it in fact did. Further, there are still no allegations of any impediment to Plaintiff bringing suit. These are simply additional allegations about both Parties' mistaken belief on the correct route for the case, but do not excuse the fact Defendant's original letter put Plaintiff on notice that admiralty jurisdiction was a possibility. For these reasons, the proposed amendment would still fail for untimeliness under the two-year statute of limitations, so the amendment is futile. Thus, Plaintiff's motion for reconsideration on his request for leave to amend is **DENIED**.

11

## IV. CONCLUSION

For these reasons, **IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration and to amend or alter the judgment (Doc. 35) is **DENIED.** The case stands **CLOSED.**

**ORDER ENTERED** at Augusta, Georgia, this ~24th~ day of ~February~, 2026.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

12